## WILLIAM H. NICHOLS *vs.* WATTS D. DEWEY.
## SAME *vs.* TIMOTHY COLE.

The purchaser of an equity of redemption of land, upon a sheriff's sale, by making an open and peaceable entry under his deed becomes seised and possessed thereof, as against the former owners, and is entitled to the growing crops; and an action of replevin by him for hay thereafter cut by them and stored in barns upon the premises will not be defeated merely by proof that after it was cut the plaintiff brought writs of entry under which he obtained judgment for possession of the premises, with nominal damages, for mesne profits.

Two actions of replevin of hay. The cases came up together, upon an agreed statement of the following facts:

The land from which the hay was cut was formerly owned in part by the defendants as tenants in common, and in part by the defendant Cole in severalty; and on the 27th of June 1860 the plaintiff purchased at a sheriff's sale the equity of redemption thereof, and received deeds accordingly. The plaintiff afterwards made an open and peaceable entry upon the premises, and forbade the defendants to take or interfere with the grass or growing crops, but did not remove them from the dwelling-houses occupied by them and situated upon different parcels of the premises. The defendants afterwards cut the grass, and stored it in barns upon the premises. On the day before the commencement of these actions, the plaintiff commenced one writ of entry against both defendants, and another against the defendant Cole, to recover possession of the lands, and prosecuted the same to final judgment, seeking to recover only nominal damages therein.

Upon these facts, judgment was rendered in the superior court for the defendants, and the plaintiff appealed to this court.

*R. W. Adam,* for the plaintiff.

*E. M. Wood,* ( *S. W. Bowerman* with him,) for the defendants.

CHAPMAN, J. Upon the facts agreed, the court are of opinion that the plaintiff is entitled to recover. By virtue of the sheriff's deed, and his open and peaceable entry under it, he became seised and possessed of the land conveyed to him, with the

exception of the possession of the two dwelling-houses, which the defendants still continued to occupy. Their continued occupation was merely as tenants at sufferance. The plaintiff's forbidding them to take or interfere with the grass or any of the crops growing upon the land had no other effect than to give them notice of his claim. By cutting the grass and storing it in the barns on the land, they committed a trespass, but did not change the title or possession. It was the plaintiff's hay, stored in his own barn. But it had become personal property by being severed from the land, and his title to it was disconnected with his title to the land. He had a right to take it, or bring an action of replevin for it against any one who might claim it.

But the defendants contend that his writs of entry which he subsequently brought to recover not only the dwelling-houses but the land are a bar to his action of replevin for the hay, because they say the taking of the hay was a taking of mesne profits, and the writ of entry is an exclusive remedy for mesne profits, and they cite to this point *Raymond* v. *Andrews*, 6 Cush. 265. The answer to this position is, that the writ of entry is an exclusive remedy for the mesne profits that accrued merely while the land was held by disseisin.

But the plaintiff in his writ of entry treated the defendants as disseisors by election, for the mere technical purpose of the remedy, and it does not appear that the gathering of the hay was relied upon or regarded as a disseisin. It is to be inferred from the statement of facts that it was otherwise, and that the action was brought for subsequent acts of disseisin; and as no damages were recovered or claimed in that suit for cutting the hay, the defence rests on a mere technical ground, and the apparent equity accords with the legal view which we have taken, and which distinguishes the case from that of *Raymond* v. *Andrews*. *Judgment for the plaintiff.*